**Date Signed:**
**October 24, 2024**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re: | Case No.: 24-00659 |
|---|---|
| J. KEALIIKANULAAU COLBURN, | Chapter 13 |
| Debtor. | Related: ECF 2 |

## MEMORANDUM OF DECISION
## ON CHAPTER 13 PLAN CONFIRMATION

Ms. J. Kealiikanulaau Colburn's ("Ms. Colburn") proposed chapter 13 plan drew two objections.

The standing chapter 13 trustee objected that the plan funding was insufficient to satisfy the chapter 7 liquidation test of § 1325(a)(4). Ms. Colburn agreed to increase the plan payments to $2,375 per month for twelve months followed by $2,860 per month for 48 months, for a total of $165,780. Based on this modification, the trustee withdrew his objection.

Ronald and Rebecca Colburn, who are Ms. Colburn's son and daughter in law (and who I will refer to as the "younger Colburns"), objected on

various grounds. The younger Colburns and Ms. Colburn are co-owners of a home in Kaneohe. They are locked in a bitter dispute and engaged in state court litigation because Ms. Colburn believes that she is the rightful owner of a half interest in the property while the recorded documents show that she owns a one-third interest. To make matters worse, the mortgages on the property are in default.

I conclude that the plan should be confirmed over the younger Colburns' objections.

Their primary objection is that Ms. Colburn filed this case and plan as part of a bad faith effort to stall the state court litigation about ownership of the property. § 1325(a)(3), (7). It is true that the automatic stay disrupted the litigation, but that is not unique to this bankruptcy case. Further, the younger Colburns have a remedy: they can seek relief from the automatic stay.

Most importantly, confirmation of the plan will not decide the dispute about ownership of the property or have any adverse effect on the younger

2

Colburns' rights in the property. Because the plan provides that Ms. Colburn will maintain the current mortgage payments on the property and cure any arrears, Ms. Colburn's plan may actually benefit the younger Colburns.

The younger Colburns also contend that Ms. Colburn's schedules, statement of affairs, and related documents contain misstatements. I have carefully considered each of these contentions and I conclude that none of the alleged misstatements is sufficiently important to warrant denial of plan confirmation.

Counsel shall submit a proposed order confirming the plan with the modifications stated orally on the record at the confirmation hearing.

**END OF ORDER**